**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00411-CR**
_____

**CLIFFORD BYRON STEPHENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D230171-R**

**MEMORANDUM OPINION**

Clifford Byron Stephenson appeals his conviction for criminal mischief, a first-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Stephenson on his appeal. The attorney discharged his responsibilities to Stephenson by filing an *Anders* brief.[2]

---

[1]*See* Tex. Penal Code Ann. § 28.03(B)(7).
[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).

1

In the brief, Stephenson's attorney represents that there are no arguable reversible errors to be addressed in Stephenson's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Stephenson's attorney explains why, under the record in Stephenson's case, no arguable issues exist to reverse the trial court's judgment.[4] Stephenson's attorney also represents that he sent Stephenson a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Stephenson, by letter, that he could file a pro se brief or response with the Court on or before September 2, 2025. Stephenson, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal.[6] Thus, it follows the appeal is

---

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Anders*, 386 U.S. at 744-45.
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).
[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8, 9]

The trial court's judgment is affirmed.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on November 3, 2025
Opinion Delivered November 12, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[7]*Id*. at 826.

[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[9]Stephenson may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.